Acc'pld 1/26/23

ELECTRONICALLY FILED
2022 Jan 28 12:57 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

KEVIN P. LAWRENCE,

    Plaintiff,

vs.

Docket No: _____

K. RYAN, IBM #1812, Individually and
In his Official Capacity as a Lieutenant of
Memphis Police Department; THE
MEMPHIS POLICE DEPARTMENT &
CITY OF MEMPHIS, TENNESSEE,

JURY TRIAL DEMANDED

    Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## CIVIL RIGHTS COMPLAINT

The Plaintiff, Kevin P. Lawrence, through his attorney, Gerald S. Green, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivation of the Plaintiff's civil rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article One §§ 7 and 8 of the Tennessee Constitution by an individual under acting under the color of law. This Court has jurisdiction pursuant to T.C.A. 16-1-101 as all acts and omissions perpetrated by the Defendants occurred in Memphis, Shelby County, Tennessee.

This action is also brought pursuant to the Tennessee Governmental Tort Liability Act.

1.     Plaintiff, Kevin P. Lawrence, was and all times mentioned herein, is the President and Chief Executive Officer of PB&J Towing Service I&II, LLC, (hereinafter PB&J) located at 788 S. Main Street, Memphis, Tennessee 38106.


EXHIBIT A

2. Defendant, K. Ryan is, and at all times mentioned herein was, a Lieutenant with and in the Memphis Police Department (hereinafter MPD).

3. Defendant, Memphis Police Department (hereinafter MPD), is the authorized law enforcement agency for the City of Memphis pursuant to State law and the authorization of the City of Memphis, a municipal division of the State of Tennessee.

## FACTS

4. That on November 9, 2021, at approximately 4:38 am PB&J towed a 2017 Cadillac, belonging to a female identified as Angelik Walsh, from the Second Street Flats property located at 362 South Second Street, Memphis, TN. 38103, pursuant to PB&J's contractual obligation, for not having a valid parking permit.

5. Thereafter, at or around 9:30 am, Angelik Walsh arrived at PB&J demanding the return of her vehicle without payment, which PB&J refused; prompting Walsh to phone and request the assistance of the MPD, who then dispatched an unidentified police officer to PB&J, who, despite knowing the towing matter was civil in nature, proceeded to act and advocate on behalf of Angelik Walsh for release of the vehicle without payment.

6. When the PB&J staff refused to release the vehicle to Walsh and the unidentified MPD officer, the MPD officer summoned other unidentified MPD officers to PB&J's office, including Defendant Ryan; who knew or should have known the matter wherein he responded was civil in nature, and knew or should have known that he had no authority or jurisdiction in the matter per MPD Policy, arrived in an irate hostile and truculent manner and approached the payout window hollering and demanding someone come to him.

7. Prompting the PB&J office manager, Issac Herron, to arrive and ask Ryan why he (Ryan) was hollering and screaming; leading Ryan to say: "I need to know someone heard me;" to which Herron stated: "we heard you...now what?"

2

8. Immediately upon hearing Herron's reply and rebuff of Ryan's aggressive behavior, Ryan then walked away from the window, only to return immediately and say: "I'm going to make it my life's business to shut this place (PB&J) down because you're the worst." Herron then asked Ryan to repeat that, to which Ryan stated: "I'm going to make it my life's business to shut PB&J down," and then Ryan stated: "I'm Lt. Ryan of the Memphis Police Department" before finally walking away from the window.

9. Thereafter, Defendant Ryan, in furtherance of his threat to "shut PB&J down," took the police vehicle he was driving and parked it on the rear curtilage of PB&J's driveway, blocking the same, with the specific intent of preventing PB&J from engaging in commerce guaranteed by Article I, § 8, cl. 3 of the United States Constitution, by preventing PB&J tow trucks from entering and exiting PB&J's towing lot in the performance of their duties.

10. Plaintiff's employee, Issac Herron, upon observing Defendant Ryan, intentionally parking the police vehicle in PB&J's driveway, began phoning the PB&J tow truck drivers, including Plaintiff Lawrence, and informing each of them that Ryan had intentionally and deliberately parked the police vehicle he was driving in PB&J's driveway with the intent of preventing any trucks or vehicles from entering or exiting PB&J's storage lot; and informing each staff person, including Plaintiff Lawrence, to be aware that Ryan was clearly and intentionally attempting to create an issue with them (PB&J staff) when they arrived at the lot.

11. Thereafter, Plaintiff Lawrence arrived and attempted to enter the business property but was detained and prevented from doing so by Defendant Ryan parking his MPD vehicle on Plaintiff Lawrence's property forcing Lawrence to stop on the corner of Michigan and Virginia Streets; whereupon Defendant Ryan then approached Lawrence, without probable cause or reasonable suspicion that Lawrence had engaged in a crime or was engaging in a crime or having committed a traffic offense, in a hostile and irate manner and, with the expressed intent to shut PB&J down as he (Ryan) had threatened, began verbally assaulting Lawrence, including

3

threats toward Herron, because Herron rebuffed his (Ryan's) egregious conduct at Plaintiff Lawrence's business window.

12. Defendant Ryan, without a valid warrant or probable cause or reasonable suspicion that Lawrence had or was committing a crime, including a traffic offense, then seized Lawrence in violation of Lawrence's right to be free from unreasonable seizure of, with the specific intent to subject Lawrence to mistreatment and deny Lawrence the right to engage in commerce; detained and deliberately denied Lawrence access to Lawrence's property until Defendant Ryan conducted an exterior search of the vehicle Lawrence was driving looking for something for which he (Ryan) could issue Lawrence a citation; when Ryan knew or should have known that his (Ryan) conduct was unlawful and exceeded his official power.

13. Ryan then demanded Plaintiff Lawrence's drivers' license, insurance and vehicle registration; after unreasonably detaining Lawrence and denying Lawrence access to Lawrence's own property for more than twenty (20) minutes without cause, during which time Lawrence felt and believed he could not freely leave the scene, Ryan then, in his egregious and nefarious conduct, issued Lawrence a citation for the traffic offense of violation of state registration; after-which time Ryan removed his vehicle and left the scene along with the other MPD officers.

Defendant Ryan and other City of Memphis Police officers committed the following wrongs. False imprisonment, false arrest, intentional trespass, slander causing the Plaintiff to be seen in false light, deceit, interference with contractual rights, infliction of mental anguish, invasion of right of privacy.

14. As a result of Defendant MPD's failure to properly train, monitor and supervise Defendant Ryan in the implementation and enforcement of MPD's policy involving civil matter towing issues, Defendant MPD aided, fostered and encouraged Defendant Ryan to engage in the deprivation of Plaintiff Lawrence constitutional rights by, and subjugation to the unconstitutional conduct of Defendant Ryan as described in paragraphs 11 through 13 of this

4

complaint, incorporated by reference as though set forth fully verbatim herein.

## CAUSE OF ACTION

15. The conduct of the Defendants described in paragraphs 11 through 13 of this complaint, incorporated by reference as though set forth fully verbatim herein, violated Plaintiff Lawrence's constitutional rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution and Article One §§ 7 and 8 of the Tennessee Constitution.

16. The conduct of the Defendants described in paragraphs 11 through 13 of this complaint, incorporated by reference as though set forth fully verbatim herein, deprived the Plaintiff and Plaintiff's business of the right to engage in commerce protected by Article One, § 8, Clause 3 of the United States Constitution.

17. The conduct of the Defendants described in paragraphs 6 through 13 of this complaint, incorporated by reference as though set forth fully verbatim herein, subjected the Plaintiff and Plaintiff's business to the State of Tennessee criminal offenses of Official Misconduct pursuant to Tennessee Code Annotated § 39-16-402(a), and Official Oppression pursuant to Tennessee Code Annotated § 39-16-403(a)(1)(2) respectively.

## RELIEF

Wherefore, Plaintiff prays that the Court to grant the following relief:

a) Award Plaintiff compensatory damages, in an amount determined by the Court from each defendant and individually.

b) Award Plaintiff punitive damages in the amount of Five Hundred Thousand dollars ($500.0000) from each defendant and them individually.

c. Award Plaintiff costs of this suit, including reasonable attorney fees; and

d. Enter an order enjoining the Defendants from harassing the Plaintiff and his employees and agents and interfering with the Plaintiff's business activities unlawfully and without just cause.

e. Award Plaintiff such other and further relief the Court finds just and equitable because of the conduct of the Defendants.

## Verification

I, Kevin P. Lawrence, pursuant to TRCP 72, hereby verify, and declare under penalty of perjury, that I have read the above and foregoing complaint and believe it to be accurate and true to the best of my knowledge, belief and understanding; this 22nd day of January 2022.

*Kevin P. Lawrence*
Kevin P. Lawrence, Plaintiff
788 S. Main Street
Memphis, TN    38106


s/ *Gerald S. Green*
Gerald S. Green    #9470
P.O. Box 264
Memphis, TN    38101
T – 901-308-4880
F – 901-201-5885
E – indictmentdefense@gmail.com