IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| **KEVIN P. LAWRENCE** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 2:23-cv-02102-JTF-atc |
| | ) |
| **K. RYAN, IBM #1812, Individually and** | ) |
| **in his Official Capacity as a Lieutenant** | ) |
| **of Memphis Police Department, THE** | ) |
| **MEMPHIS POLICE DEPARTMENT** | ) |
| **and CITY OF MEMPHIS, TENNESSEE** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Before the Court are two Motions. First is Defendant the City of Memphis's ("the City") Motion to Dismiss pursuant to Rule 12(b)(6), filed on March 27, 2023. (ECF No. 6.) Plaintiff Kevin P. Lawrence filed a Response on June 4, 2023. (ECF No. 7.) Second is the City's Motion to Strike Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f)(2) and 15(a)(2), filed on June 28, 2023. (ECF No. 11.) Lawrence did not file a Response to the City's Motion to Strike, and the time to do so has passed. For the reasons set forth below, the City's Motion to Dismiss Lawrence's Complaint and Motion to Strike his Amended Complaint are **GRANTED**.

### I.    BACKGROUND

Lawrence is the President and Chief Executive Officer of PB&J Towing Service I&II, LLC ("PB&J"), a towing company based in Memphis Tennessee. (ECF No. 1-2, 1.) On November 9, 2021, at around 4:38 am, PB&J towed a 2017 Cadillac for not having a valid parking permit. (*Id.*

at 2.) At 9:30 am, the vehicle's owner arrived at PB&J to demand the return of her vehicle without payment. (*Id.*) The owner then called the Memphis Police Department ("MPD"), who dispatched a police officer to assist in the matter. (*Id.*) The officer advocated on behalf of the vehicle owner, but the PB&J staff again refused to return the vehicle without payment. (*Id.*) Shortly thereafter, the MPD officer summoned more MPD officers including Defendant Officer Ryan to PB&J's office. (*Id.*) Officer Ryan arrived irate and demanded to speak with someone at PB&J. (*Id.*) The PB&J office manager arrived to speak with him, and Officer Ryan stated that "I'm going to make it my life's business to shut this place down because you're the worst." (*Id.* at 3.) He then informed the manager that he was an MPD Lieutenant. (*Id.*)

Officer Ryan allegedly followed through on this threat by parking his police vehicle on the rear driveway of PB&J, blocking the company's tow trucks from entering and exiting the property. (*Id.*) Upon seeing this, the manager called Lawrence, who came to the business and attempted to enter. (*Id.*) Officer Ryan detained him, conducted an exterior scan of his vehicle and demanded to see his driver's license, insurance, and vehicle registration. (*Id* at 4.) After twenty minutes, Officer Ryan issued him a citation for violating state registration and left the scene. (*Id.*)

Lawrence commenced this 42 U.S.C. § 1983 suit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis by filing his Complaint on January 28, 2022. (ECF No. 1, 1.) The City was served with process on January 26, 2023, and removed the action to this Court on February 24, 2023. (*Id.*) First, Lawrence brings a § 1983 claim, alleging that Defendants violated his First, Fourth, and Fourteenth Amendment rights, as well as his rights under Article One § 8, Clause 3 of the United States Constitution. (ECF No. 1-2, 5.) Second, Lawrence seeks relief pursuant to Article One §§ 7-8 of the Tennessee Constitution. (*Id.*) Third, he asserts that Defendants committed criminal offenses under T.C.A. §§ 39-16-402(a) and 39-16-403(a)(1)(2).

(*Id.*) Last, Lawrence alleges that the Defendants committed the following torts: (1) false imprisonment; (2) false arrest; (3) intentional trespass; (4) slander under a false light theory; (5) deceit; (6) contractual inference; (7) infliction of mental anguish; (8) invasion of right of privacy; and (9) failure to train, monitor, and supervise. (*Id.* at 4.) He seeks compensatory and punitive damages, fees, an injunction prohibiting Defendants from harassing him or his employees again, as well as any further relief the Court deems just and equitable. (*Id.* at 6-7.) Although the heading in Lawrence's Complaint suggests that Officer Ryan is a named party to this suit, he has apparently not been served individually or in his capacity as a Lieutenant with the MPD. (ECF No. 6-1, 2.) Indeed, the docket reflects that neither Officer Ryan nor the MPD have ever appeared in this matter, personally or through counsel. For this reason, the Court construes this Complaint as asserting claims against only the City of Memphis for the purposes of assessing the two pending motions.

The City filed its Motion to Dismiss on March 27, 2023. (ECF No. 6.) Therein, they argue that Lawrence fails to state a claim pursuant to 42 U.S.C. § 1983, all his claims arising under the U.S. and Tennessee Constitution fail as a matter of law, he lacks a private right of action to bring criminal claims, they are immune from suit for the torts alleged, and he is not entitled to punitive damages. (ECF No. 6-1, 5-13.) Lawrence filed a Response on June 4, 2023. (ECF No. 7.) Also, on June 4, 2023, Lawrence filed an Amended Complaint. (ECF No. 8.) The City moves to strike the Amended Complaint because it does not comply with requirements set forth in Rule 15. (ECF No. 11.)

## II.   LEGAL STANDARD

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (The court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, although the complaint need not contain detailed facts, its factual assertions must be substantial enough to raise a right to relief above a speculative level. *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, "'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Determining whether a complaint states a plausible claim is "context-specific," requiring the Court to draw upon its experience and common sense. *Iqbal*, 556 U.S. at 679. Defendants bear the burden of "proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008).

### III.   ANALYSIS

Lawrence brings claims against the City under various theories based upon the incident involving Officer Ryan. The City argues that dismissal is warranted under Rule 12(b)(6) because Lawrence has failed to plausibly plead any of his claims and would not be entitled to relief on many of the claims regardless due to the City's tort liability immunity. The City also seeks to have Lawrence's Amended Complaint stricken pursuant to Rule 12(f)(2) because he did not comply with any of the procedural requirements for amending his complaint. The Court addresses these matters below.

A. **Leave to Amend**

Lawrence filed an Amended Complaint on June 4, 2023. (ECF No. 10.) The City argues that this should be struck pursuant to Federal Rule of Civil Procedure 12(f)(2) because Lawrence did not seek leave of court, consult with opposing counsel, or get their consent to amend his complaint as Rule 15(a)(2) requires. (ECF No. 11, 2.) Federal Rule of Civil Procedure 15(a) permits parties to amend their pleadings once as a matter of course within 21 days of serving it, or 21 days after service of responsive pleading. Fed. R. Civ. P 15(a)(1). Otherwise, the Rule requires a party to seek leave to amend a complaint but instructs courts to grant leave "freely . . . when justice so requires." *Id.* (a)(2).

Here, Lawrence could freely amend his complaint within 21 days of the City's filing of their Motion to Dismiss on March 27, 2023. Because he filed his Amended Complaint 69 days after the City's "responsive pleading," Lawrence was required to seek leave to amend his complaint under Rule 15(a)(2). *Id.* He did not do so. The City's Motion to Strike Lawrence's Amended Complaint is therefore **GRANTED**. Lawrence's initial Complaint remains the operative document.[1] The Court next considers whether the allegations contained therein withstand the City's Motion to Dismiss.

B. **Section § 1983**

The City argues that Lawrence's § 1983 claim fails because he has not alleged that a City policy or custom is responsible for the alleged violation. (ECF No. 6-1, 5.) They maintain that without such an allegation, the City is immune from tort liability for actions committed by its officers. (*Id.*)

---

[1] The Court would reach the same result even if Lawrence did move for leave to amend his complaint because amendment would be futile. All of the additions in Lawrence's Amended Complaint were also included in his contemporaneously filed Response to the City's Motion to Dismiss which the Court addresses below. The Court finds that these arguments are insufficient to rescue his initial Complaint from dismissal.

5

The Supreme Court has made clear that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "[M]unicipal liability under section 1983 may only attach where the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694). The first step in assessing a municipal liability claim is the finding of a policy or custom. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996).

A municipality can only retain liability if the plaintiff alleges that the municipality's customs or policies caused the constitutional tort. Theories of vicarious liability or *respondeat superior* do not impose liability on municipalities for the constitutional torts of their agents. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992) (citing *Monell*, 436 U.S. at 691). The municipality's policies must be the "moving force" behind the deprivation of a constitutional right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted). Proof of a single incident of unconstitutional activity is not sufficient to impose liability, unless there is additional proof that deprivation was caused by an existing policy or custom attributable to the municipality. *See Jordan v. City of Detroit*, 557 F. App'x 450, 457 (6th Cir. 2014) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

The City argues that Lawrence never references a custom or policy that motivated the alleged § 1983 violation. (ECF No. 6-1, 8.) The Court agrees. The closest Lawrence comes to alleging a policy or custom is his assertion that MPD failed to properly train, monitor, and supervise Defendant Ryan in the enforcement of MPD's policies related to towing disputes. (ECF No. 1-2,

6

4.) Thus, Lawrence advances only conclusory statements that are insufficient to withstand a motion to dismiss. (*See id.*) Moreover, the statements actually suggest that Defendant Ryan was *not* adhering to the MPD's policy or custom regarding towing disputes, which is the opposite of what Lawrence must prove to successfully plead a § 1983 claim against the City. (*See id.*)

Lawrence responds that the injuries he alleges were caused by the City's policies, and points to a different case involving the City allegedly interfering with PB&J's business as evidence. (ECF No. 7, 2.) Specifically, he refers to a 2018 case brought in this district where PB&J alleged that the City had engaged in a civil conspiracy that violated its procedural due process rights by removing them from a rotational list used for hiring tow truck companies to remove wrecked vehicles from the scene of an accident. *PB&J Towing Serv., I&II, LLC v. Hines*, 487 F. Supp. 3d 695, 699 (W.D. Tenn. 2020), *aff'd sub nom. PB&J Towing Serv. I & II, LLC v. Hines*, No. 20-6170, 2022 WL 390599 (6th Cir. Feb. 9, 2022). The court granted the City's motion for summary judgment in that case, and the Sixth Circuit affirmed, finding that PB&J had failed to show that it had a property interest in a place on the towing list. *PB&J Towing Serv. I & II, LLC v. Hines*, No. 20-6170, 2022 WL 390599, at *4 (6th Cir. Feb. 9, 2022).

The Court does not find that the referenced case supports Lawrence's contention that the constitutional violations alleged in his Complaint resulted from a municipal policy or custom because (1) PB&J did not prevail on its § 1983 there, and (2) even if they had prevailed on that claim, the alleged violation is so unrelated to the violation alleged in the instant case that it does not evidence the existence of a discernible policy or custom. Because Lawrence has failed to demonstrate that the alleged constitutional tort was caused by a municipal policy or custom, § 1983 liability cannot attach to the City. *See Graham ex rel. Est. of Graham*, 358 F.3d at 382 (quoting *Monell*, 436 U.S. at 694).

Consistent with this reasoning, Lawrence's § 1983 claim is **DISMISSED**. Also, because § 1983 is the vehicle through which a private litigant such as Lawrence may seek relief in a civil action for alleged constitutional violations, the Court's dismissal of Lawrence's § 1983 claim entails the dismissal of his First, Fourth, and Fourteenth Amendment claims, as well as his claim under Article One § 8, Clause 3 of the United States Constitution.

### C. Tennessee Constitutional Claims

The City also contends that Lawrence's claims arising under Article One §§ 7-8 of the Tennessee Constitution should be dismissed because he has not alleged any supporting facts. As the City points out, the language of these two sections of the Tennessee Constitution is substantively nearly identical to the Fourth Amendment of the United States Constitution. The two sections read in pertinent part:

> That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.
>
> That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

Tenn. Const. art. I, §§ 7-8. As pertains to these claims, Lawrence alleges that Officer Ryan seized him without a valid warrant, probable cause, or reasonable suspicion that he had or was committing a crime. (ECF No. 1-2, 4.) He maintains that Officer Ryan seized him with the specific intent to subject him to mistreatment, to deny him the right to engage in commerce, and deny his access to his property. (*Id.*) Lawrence also asserts that Officer Ryan conducted an exterior scan of his vehicle to try to find something to issue a citation for. (*Id.*) He believes that Officer Ryan knew or should have known that his conduct was unlawful and exceed his official power. (*Id.*)

Lawrence's claims under the Tennessee Constitution feature many of the same deficiencies as his § 1983 claim. Beyond stating in general terms that Officer Ryan did not follow the law, Lawrence has not pleaded any supporting facts tending to make it likely that he is entitled to relief under either referenced sections of the Tennessee Constitution. That said, even if Lawrence had alleged facts sufficient to withstand the City's Motion to Dismiss, he still would not be entitled to relief under the Tennessee Constitution. This is because Tennessee law does not recognize a private right of action for violating the Tennessee Constitution. *See Grose v. City of Bartlett, Tennessee Gov't*, No. 220CV02307TLPCGC, 2023 WL 6294189, at *7 (W.D. Tenn. Sept. 27, 2023) (citing *Cline v. Rodgers*, 87 F.3d 176, 179 (6th Cir. 1996) and *Bowden Bldg. Corp. v. Tennessee Real Est. Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999)). As a private litigant, Lawrence cannot bring claims under the Tennessee Constitution. *See id.* Instead, he must bring these claims under § 1983. *Henning v. Madison Cnty., TN*, No. 20-5230, 2020 WL 8678009, at *2 (6th Cir. Sept. 3, 2020). However, as discussed above, Lawrence failed to state a claim to relief under § 1983. *See supra* III.A. For this reason, Lawrence would not be entitled to relief even if he had pleaded sufficient factual matter as to his claims under the Tennessee Constitution.

In short, Lawrence's claims under Article I, §§ 7-8 of the Tennessee Constitution fail because (1) he has not stated a claim to relief that is plausible on its face; but even if he had, (2) he lacks a private right of action to bring them; so (3) he must bring these claims under § 1983, which the Court has dismissed. Accordingly, Lawrence's claims arising under the Tennessee Constitution are **DISMISSED.**

### D. Tennessee Governmental Tort Liability Act

The City of Memphis maintains that all of Lawrence's tort claims should be dismissed because, as a municipal corporation, the City is immune from suit under Tennessee's Governmental Tort

Liability Act ("GTLA"). (ECF No. 6-1, 13.) The GTLA provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). "Governmental entity" is defined as "any political subdivision of the state of Tennessee." *Id.* § 29-20-102(3)(A).

The GTLA removes immunity in cases involving an "injury proximately caused by a negligent act or omission of any employee within the scope of his employment." *Id.* § 29-20-205. There is an exception to this removal of immunity, however, whereby immunity is retained in cases where injuries arise out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." *Id.* § 29-20-205(2). The civil-rights exception "has been construed to include claims arising under § 1983 and the United States Constitution." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (internal quotation marks and citation omitted). Additionally, a municipality retains immunity from suit under the GTLA for injuries arising out of "[t]he exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." Tenn. Code Ann. § 29-20-205 (1).

Returning to the Complaint, Lawrence alleges the following tort claims: (1) false imprisonment; (2) false arrest; (3) intentional trespass; (4) slander under a false light theory; (5) deceit; (6) contractual inference; (7) infliction of mental anguish; (8) invasion of right of privacy; and (9) failure to train, monitor, and supervise. (ECF No. 1-2, 4.)

The City argues that under Tenn. Code Ann. § 29-20-205(2), it retains immunity from suit for all of Lawrence's tort claims except for his negligence-based failure to train, monitor, and

supervise claim. (ECF No. 6-1, 13.) It is unclear whether Lawrence objects to this because his Response appears to mistake immunity under the GTLA for the unrelated doctrine of qualified immunity, which has no bearing on this case. (ECF No. 7, 5.) At any rate, the Court finds that the City has clearly established that it is immune from suit for all of Lawrence's intentional tort claims under the intentional tort exception, *except for* his claim for false imprisonment. The City does not retain immunity under § 29–20–205(2) for injuries arising out of all alleged instances of false imprisonment. Rather, they retain immunity from suit for injuries arising out of "false imprisonment pursuant to a mittimus[2] from a court." Tenn. Code Ann. § 29–20–205(2). Neither Party has alleged that a court order or warrant directed Officer Ryan to imprison Lawrence, so this exception is inapplicable. However, to the extent that Lawrence has pleaded any factual matter supporting his false imprisonment claim, it is apparent that they are identical to those facts upon which his § 1983 claim relies. *See supra* III.A. Because Lawrence's false imprisonment claim and § 1983 claim are one and the same thing, the City is immune from suit for this claim under the "civil rights exception." *See Johnson*, 617 F.3d at 872. Consistent with the above, Tenn. Code Ann. § 29-20-205(2) establishes that the City is immune from suit for all of Lawrence's tort claims except for his failure to train claim.

The Court now addresses Lawrence's failure to train, monitor, and supervise claim. The City maintains that it is immune from suit for this claim under the GTLA exception for injuries arising out of "[t]he exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." (ECF No. 6-1, 14 (quoting Tenn. Code Ann. § 29-20-205 (1).) The City avers that its actions regarding training and supervision are policy-making decisions and are, therefore, discretionary, which do not give rise to liability. (*Id.*) Lawrence does not

---

[2] "Mittimus" is defined as "a court order or warrant directing a jailer to detain a person until ordered otherwise." Black's Law Dictionary (11th ed. 2019)

respond to this argument. Upon review, it is clear that Lawrence has failed to allege sufficient facts to support this claim. Accordingly, the Court finds that the City is immune from suit under the GTLA for Lawrence's failure to train, monitor or supervise claim.

Because the City has established that they are immune from suit for all of Lawrence's tort claims under the GTLA, Lawrence would not be entitled to relief on these grounds even assuming the facts alleged in his complaint are true. Lawrence's tort claims are therefore **DISMISSED** pursuant to Rule 12(b)(6).

### E. Tennessee Criminal Law

The City argues that Lawrence's claims alleging official misconduct pursuant to Tenn. Code Ann. § 39-16-402(a) and official oppression pursuant to Tenn. Code Ann. § 39-16-403(a) should also be dismissed because (1) he lacks a private right of action to bring a criminal claim; and otherwise (2) he cannot allege a negligence *per se* claim based on the City's alleged violations of these criminal statutes because neither statute sets forth a standard of care. (*Id.* at 15.) Lawrence does not respond to either argument.

The Court finds that Lawrence's criminal claims must be dismissed. First, it is well established that "[c]riminal statutes generally do not confer a private right of action, and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'" *Selmon-Austin v. Wells Fargo Bank*, No. 221CV02724JTFCGC, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), report and recommendation adopted, No. 221CV02724JTFCGC, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) (quoting *Butler v. Karet*, No. 21 CV 981, 2021 WL 3633476, at *2 (N.D. Ohio Aug. 17, 2021)). Second, although nothing in Lawrence's Complaint suggests that he is attempting to base a negligence *per se* claim on Officer Ryan's allegedly criminal conduct, that argument would similarly fail. This is because neither criminal statute referenced in

12

the Complaint establishes a standard of care, which is required for a statutory negligence *per se* claim. *See Slowik v. Lambert*, 529 F. Supp. 3d 756, 766 n.3 (E.D. Tenn. 2021) (dismissing a negligence *per se* claim relying upon Tennessee's official misconduct statute).

To summarize, Lawrence lacks a private right of action to bring criminal claims and cannot rely upon either referenced criminal statute to assert a negligence *per se* claim. His criminal claims are therefore **DISMISSED**.

### IV.    CONCLUSION

Consistent with the foregoing, the Court **STRIKES** Lawrence's Amended Complaint pursuant to Rule 12(f)(2) and **GRANTS** the City's Motion to Dismiss pursuant to Rule 12(b)(6) in its entirety. The case is **DISMISSED**. The Court does not reach the City's arguments seeking dismissal of Lawrence's request for punitive damages, as any claim for relief is rendered moot by a finding that the City is not liable for the alleged conduct.

**IT IS SO ORDERED,** this 13th day of March, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE